**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:16-cv-328-MOC**
**(3:11-cr-277-MOC-DCK-1)**

| | |
|---|---|
| **RASHARD DEAN BOYD,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255, (Doc. No. 1).

**I.    BACKGROUND**

Petitioner pled guilty in the underlying criminal case to: (1) conspiracy to commit robbery by threat or force or violence (18 U.S.C. § 1951); and (2) brandishing a firearm during and in relation to a crime of violence (18 U.S.C. § 924(c)(1)(A)(ii)). (3:11-cr-277, Doc. No. 24). The Court sentenced him to a total of 235 months in prison; 151 months for Count (1) and 84 months for Count (2), consecutive, followed by two years of supervised release. (Id., Doc. No. 55).

Counsel filed a memorandum brief on direct appeal pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether Petitioner received ineffective assistance of counsel. The Fourth Circuit affirmed on July 22, 2013 after reviewing the entire record and declined to address the ineffective assistance claim as premature. United States v. Boyd, 534 Fed. Appx. 187 (4th Cir. 2013).

Petitioner then filed a § 2255 Motion to Vacate alleging that counsel's pre-plea strategy

1

was deficient and resulted in an increased sentence, case number 3:14-cv-594. The Court dismissed the § 2255 Motion to Vacate with prejudice because Petitioner's claim was waived and meritless. Boyd v. United States, 2015 WL 1897094 (W.D.N.C. April 27, 2015).

Petitioner filed the instant § 2255 Motion to Vacate through counsel on June 13, 2016, arguing that his conviction and sentence under § 924(c) violates due process under Johnson v. United States, 135 S.Ct. 2551 (2015). (Doc. No. 1); see (Doc. No. 1-1) (Fourth Circuit's order authorizing Petitioner to file a successive § 2255 petition). These proceedings were stayed for several years pending the Fourth Circuit's consideration of United States v. Ali, 15-4433. (Doc. No. 7).

Petitioner has now filed a Supplemental Memorandum, (Doc. No. 8), arguing that his § 924(c) conviction and sentence should be vacated pursuant to See United States v. Simms, 914 F.3d 229 (4th Cir. 2019) (*en banc*) and United States v. Davis, 139 S.Ct. 2319 (2019), because Hobbs Act conspiracy is not a crime of violence under § 924(c)'s force clause. Petitioner asks that his § 924(c) conviction and sentence for Count (2) be vacated and, if the Government requests it, that he be resentenced for Count (1) under the sentencing package doctrine.

The Government concedes in its Corrected Response, (Doc. No. 13), that the § 924(c) conviction is invalid and should be vacated and asking that Petitioner be resentenced under the sentencing package doctrine.[1]

**II.  STANDARD OF REVIEW**

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence,

---

[1] The Government initially asked the Court to relieve it of its obligations under the plea agreement, however, it withdrew this argument in its Corrected Response after Petitioner filed a Reply disputing that request. See (Doc. Nos. 11, 12).

or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

Section 924(c) prohibits using or carrying a firearm "during and in relation to any crime of violence or drug trafficking crime…." 18 U.S.C. § 924(c)(1). A "crime of violence" is defined in § 924(c)(3) as an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C.A. § 924(c)(3).

The Supreme Court recently held that § 924(c)(3)(B)'s residual clause is unconstitutionally vague. United States v. Davis, 139 S.Ct. 2319 (2019). The Government correctly concedes that Hobbs Act conspiracy is not a crime of violence under § 924(c)'s force clause. See United States v. Simms, 914 F.3d 229 (4th Cir. 2019) (*en banc*) (924(c)(3)(B) is unconstitutionally vague; Hobbs Act conspiracy does not categorically qualify as a crime of violence). Petitioner's conviction and

sentence in Count (2) will therefore be vacated.

The remaining question is the appropriate remedy. A district court has broad and flexible power to fashion an appropriate remedy in granting relief on collateral review. United States v. Williams, 740 Fed. Appx. 794, 795 (4th Cir. 2018) (citing United States v. Hillary, 106 F.3d 1170, 1171 (4th Cir. 1997)). A district court is authorized to take one of four distinct courses in remedying a successful § 2255 petitioner's unlawful sentence: (1) "discharge the prisoner," (2) "grant [the prisoner] a new trial," (3) "resentence [the prisoner]," or (4) "correct the [prisoner's] sentence….." 28 U.S.C. § 2255(b) "[T]he goal of § 2255 review is to place the defendant in exactly the same position he would have been had there been no error in the first instance." United States v. Hadden, 475 F.3d 652, 665 (4th Cir. 2007) (internal quotation marks omitted).

The Fourth Circuit has adopted the sentence package doctrine which embraces a holistic approach when sentencing a defendant convicted of multiple offenses. The Fourth Circuit has acknowledged that "when a defendant is found guilty on a multicount indictment, there is a strong likelihood that the district court will craft a disposition in which the sentences on the various counts form part of an overall plan," and that if some of the counts are vacated, "the judge should be free to review the efficacy of what remains in light of the original plan." Cunningham v. Scibana, 259 F.3d 303, 309 (4th Cir. 2001) (quotations omitted). It is within the district court's broad and flexible power to determine the nature and scope of the remedial proceedings. Hadden, 475 F.3d at 669.

In this case, the Court finds it appropriate to conduct a resentencing under the sentence package doctrine so that all relevant factors can be taken into consideration.

## IV. CONCLUSION

Petitioner's § 2255 Motion to Vacate is granted, the conviction in Count (2) is vacated, and Petitioner will be resentenced on the remaining count at the Court's earliest convenience.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **GRANTED**.

2. Petitioner's conviction on Count (2) is **VACATED**.

3. Petitioner will be resentenced on Count (1).

4. The Clerk of Court is directed to certify copies of this Order to the Petitioner, counsel for the Petitioner, the United States Attorney, and the United States Probation Office.

Signed: November 6, 2019

Max O. Cogburn Jr.
United States District Judge